## In United States District Court
## For the District of Delaware

UNITED STATES OF AMERICA

Criminal Complaint

v.

CASE NUMBER: 07- 254-M

### Clarence Mitchell,

Defendant

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of

my knowledge and belief. On or about _December 27 , 2007_ in the District of Delaware, Defendant

Clarence Mitchell did

1) Knowingly possess in and affecting interstate and/or foreign commerce, a firearm, after having been convicted on or about November 19th, 1991, in New Castle County Delaware Superior Court, of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section(s) 922(g)(1) and 924(a)(2);

2) knowingly possess with intent to distribute cocaine hydrochloride, in violation of Title 21, United States Code, Section(s) 841(a)(1) and (b)(1)(C);

3) Knowingly possess a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Section 924 (c).

I further state that I am a Special Agent, Bureau of Alcohol Tobacco Firearms and Explosives and that this complaint is based on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:    Yes

_____  S/A ATF

Special Agent Scott Curley, ATF

Sworn to before me and subscribed in my presence,

_December 27, 2007_  at    Wilmington, DE_____

Date                              City and State

Honorable Leonard P. Stark
United States Magistrate Judge
Name & Title of Judicial Officer                Signature of Judicial Officer

## AFFIDAVIT OF PROBABLE CAUSE IN SUPPORT OF CRIMINAL COMPLAINT
## AGAINST CLARENCE MITCHELL

1.    Your affiant is ATF Special Agent Scott C. Curley. Your affiant has been a law enforcement officer for over 6 years with the U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives, (ATF). During that time, my duties have included the investigation of federal and state firearms and narcotics offenses. Your Affiant has previously been a police officer and later police detective with the Pittsburgh Pennsylvania Bureau of Police from February 1992 to September 2001. During that time I was detailed as a Federally Deputized Task Force Officer to the Drug Enforcement Administration, (DEA) United States Department of Justice, from June 1997 to June 1999. As a DEA Task Force Officer, your affiant has received specialized training in drug law enforcement; to include the trafficking of controlled substances. During the course of your affiant's law enforcement career, your affiant has also received specialized law enforcement training on the investigation of firearms and narcotics offenses on numerous occasions. During the course of your affiant's law enforcement career, your affiant has participated in the seizure of over seven hundred firearms and has conducted numerous investigations of firearms and narcotics offenses, as well as numerous conversations about the facts and circumstances of firearms and narcotics offenses with the investigating officers of those firearms and narcotics offenses. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge.

2. The seizure of all the below stated evidence occurred on December 27, 2007, in the City of Wilmington, State and District of Delaware, as stated to your affiant by Wilmington Police Detectives with personal knowledge of the seizure of the below items.

3. Your affiant reviewed the computer criminal history information for the Defendant, CLARENCE MITCHELL from the Delaware Justice Information System (DELJIS) and learned that the defendant has a prior felony conviction on or about November 19th, 1991 for Possession with intent to Deliver a Schedule II Narcotic (Cocaine), a felony C, in the Superior Court of New Castle County in and for the State of Delaware. This conviction is for a crime punishable by imprisonment for a term exceeding one year.

4. Based upon information stated to me by a Wilmington, Delaware Police Detective who has personal knowledge of the below facts your affiant learned the following.

a.  On December 27, 2007, Wilmington Police Detectives applied for and received a Delaware State issued search warrant for                        Wilmington, Delaware, 19802, from the Justice of the Peace, Court 20, located in the city of Wilmington Delaware.

b.  On December 27, 2007, Wilmington Police Detectives executed the Delaware State issued search warrant on the address                        , Wilmington, Delaware, 19802.

c. Pursuant to that search warrant, Wilmington Police Detectives located the defendant, CLARENCE MITCHELL and subsequently recovered from the residence a firearm with ammunition, approximately 130 grams of cocaine hydrochloride (powdered cocaine) and approximately $6,300.00 in United States Currency.

d. Detectives recovered from CLARENCE MITCHELL's bedroom a Sig Sauer brand, model P-229 .357 caliber semi-automatic pistol, serial number AE15640, with a loaded magazine. Detectives recovered the approximately 130 grams of cocaine hydrochloride from a grill located in the detached garage of the residence, and detectives recovered from a camouflaged colored coat in a basement closet the approximate $6,300.00 in United States Currency.

e. In a post Miranda statement, CLARENCE MITCHELL made a video taped confession to investigators regarding his possession of the illegal firearm and narcotics located as a result of the search warrant on the address                    , Wilmington, Delaware, 19802. MITCHELL also stated that he occasionally used illegal drugs.

f. CLARENCE MITCHELL also advised investigators that he sells drugs at 7th Street at Monroe Streets in the City of Wilmington, Delaware, an area known by your affiant for illegal drug sales. Clarence Mitchell had also advised that he had just obtained on Monday, December 24, 2007, approximately 4.5 ounces of cocaine hydrochloride from an unnamed source of supply in New castle Delaware. CLARENCE MITCHELL also admitted to cooking cocaine hydrochloride into cocaine base and distributing it into "packs" for other to sell for him.

g. CLARENCE MITCHELL also admitted of buying the firearm from a black male for $250.00 in United States Currency in the area of 7th and Monroe Streets in the City of Wilmington, Delaware. He bought the firearm for his protection because he was afraid of being robbed and occasionally took it with him while he was dealing illegal drugs.

h. Detectives field tested all the suspected drugs, meeting with positive results for cocaine hydrochloride. Wilmington Police Detectives also recovered paraphernalia for the distribution of illegal drugs from a tool box located within the residence, namely small glassine baggies commonly used for sale of individual dosage units of illegal controlled substances.

i. Your affiant believes based upon the lack of paraphernalia commonly used for the introduction of controlled substances into the body, the quantity and packaging of the illegal drugs, and the packaging equipment located in the tool box, and his training and prior experience that CLARENCE MITCHELL was distributing the controlled substances.

5. I am an ATF Agent who has been expertly trained and experienced in determining the interstate nexus of firearms and ammunition, and have been admitted as such in the United States District Court in and for the District of Delaware. Your affiant personally viewed the firearm and knows that the Sig Sauer P-229 .357 caliber semiautomatic pistol serial numbered AE15640 was manufactured

in a state other than Delaware such that its possession in Delaware would have necessarily required that the firearm had crossed state lines prior to its possession in Delaware and such that the possession of that firearm in Delaware affected interstate and/or foreign commerce. Furthermore the recovered firearm is a firearm as defined in Title 18, United States Code (USC), Chapter 44, Section 921(a)(3).

       Wherefore, based upon your affiant's training and experience, your affiant believes that there is probable cause to believe that the defendant violated Title18 U.S.C. 922(g)(1), 924(a)(2), and 924(c), and Title 21, United States Code, Section(s) 841(a)(1), (b)(1)(C), respectfully requests that the Court issue a Criminal Complaint charging that offense.

                                              SA ATF
                                  Scott C. Curley
                                  Special Agent, ATF

Sworn to and subscribed in my presence
this 27 day of December, 2007

Honorable Leonard P. Stark
United States Magistrate Judge
District of Delaware