AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

District of     DELAWARE

UNITED STATES OF AMERICA

V.

**CLARENCE MITCHELL,**
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-254-M

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in  21 USC § 841
  - ☐ under 18 U.S.C. § 924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure ~~the appearance of the defendant as required and~~ the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

~~I find that the credible testimony and information submitted at the hearing establishes by~~ ☐ clear and convincing evidence ☐ a preponderance of the evidence that

Based on the information before the Court, including that provided by the probation office as well as the parties by proffer during the detention hearing, and the affidavit supporting the complaint, the Court finds that the Defendant has failed to rebut the statutory presumption that no combination of conditions could reasonably assure the safety of the community between now and the time of trial. The Court further finds, for the reasons stated during the detention hearing, that the Defendant has rebutted the statutory presumption that no combination of conditions would reasonably assure that the Defendant would appear for all Court events in this matter.

The Court has reached these conclusions based on the following findings and for the following reasons (in addition to those stated during the detention hearing):

the nature and circumstances of the offense: the Defendant is accused of possession of a firearm by a felon, possession with intent to distribute cocaine hydrochloride, and possession of a firearm in furtherance of a drug trafficking crime. During a warranted search of a residence on December 27, 2007, officers found a loaded .357 semi-automatic pistol, 130 grams of cocaine hydrochloride, glassine baggies, and $6300 cash.

the weight of the evidence: is very strong. Defendant admitted to officers that the firearm and the drugs retrieved from the residence belonged to him, admitted that he sells drugs, admitted that he bought the firearm, and admitted that he occasionally took the firearm with him while he was dealing drugs. The Defendant has a 1991 felony conviction (for possession with intent to distribute cocaine) and the gun had traveled in interstate commerce prior to his possession of it.

AO 472 (Rev. 12/03) Order of Detention Pending Trial

the history and characteristics of the Defendant: the Defendant has extensive ties to the community and is a long-term resident of Delaware. He has the strong support of his wife and mother, both of whom offered to serve as third-party custodian and to pledge the equity in their homes as further assurance the Defendant would comply with release conditions. He also has the strong support of members of his community, several of whom appeared for his hearing, and others of whom signed a petition in his support. His criminal record is mostly old (including the 1991 conviction) but also includes a misdemeanor receiving stolen property conviction in 2004. He was once discharged early from probation. On the other hand, he has little or no verifiable employment history and admits to a problem with alcohol.

the nature and seriousness of the danger to the community that would be posed by the Defendant's release: the combination of drugs and guns is highly dangerous to the community; Defendant had access to and involved himself with both.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

January 14, 2008
*Date*

*Signature of Judge*

Leonard P. Stark U.S. Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).